# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: D.C., M.C., and K.C.**

**No. 13-1039** (Marshall County 13-JA-4, 13-JA-5, and 13-JA-6)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Gerald G. Jacovetty, Jr. His appeal arises from the Circuit Court of Marshall County, which terminated his parental rights to the subject children by order entered on September 16, 2013. The guardian ad litem for the children, W. Howard Klatt, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in terminating his parental rights and in not continuing his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed a petition alleging abuse and neglect against the children's parents. The petition alleged that petitioner injected drugs while in the presence of M.C., that petitioner caused non-accidental physical trauma to M.C., that drugs and drug paraphernalia were within reach of the children at home, and that the home was in deplorable condition. For instance, the floors were covered with trash and smelled of mildew, stacks of dirty plates were piled in the kitchen counter and sink, and the children were half-dressed and filthy. At adjudication in May of 2013, both parents stipulated to the allegations in the petition and the circuit court adjudicated them as abusing parents. Petitioner's motion for a post-adjudicatory improvement period was granted on the condition that petitioner fully participate with the terms of the improvement period.

Within approximately two months, the DHHR filed a motion and supplemental motion to revoke petitioner's improvement period. The DHHR's original motion alleged that petitioner had cancelled and failed to show up for parenting services with Home Base and had failed to maintain appointments with the Day Report Center. The DHHR's supplemental motion alleged that petitioner failed to present himself for random drug testing. The circuit court held a hearing on this motion in August of 2013, but neither parent contested the DHHR's motion for revocation. The circuit court revoked petitioner's improvement period and the case was scheduled for disposition.

1

Following the dispositional hearing in September of 2013, the circuit court found that neither parent was willing or able to provide adequately for the children's needs and that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. The circuit court terminated both parents' parental rights to the children. From this order, petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court erred in terminating his parental rights. Petitioner asserts that he was not provided the opportunity to participate in various services that were required during the improvement period. Petitioner also asserts that he was employed at the time his improvement period was revoked and was making efforts to substantially correct the problems that led to the filing of the petition. From our review of the record, we find no error in the circuit court's decision to terminate petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), circumstances in which a parent fails to respond to rehabilitative efforts are considered those in which no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The record reveals that petitioner missed appointments for services during his improvement period and failed to participate in the required random drug testing. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Next, petitioner argues that the circuit court erred in revoking his post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(f), after a circuit court grants a parent an improvement period, the DHHR shall monitor the parent's progress in the

improvement period. If the parent fails to participate in any mandated services, the DHHR shall initiate action to notify the circuit court of this failure. Subsequently, if the DHHR demonstrates that the parent has failed to participate in any provision of the improvement period, the circuit court shall terminate the parent's improvement period. The record includes a copy of the DHHR's motion and supplemental motion to revoke petitioner's improvement period, which alleged petitioner's noncompliance with the terms set forth in his improvement period. The circuit court's order regarding this motion found that petitioner did not contest the DHHR's motion. Moreover, as previously noted, it is undisputed that petitioner missed appointments with services. Therefore, we find no error in the revocation of petitioner's improvement period.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the following:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II